**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ray Wallace METTETAL, Jr.,**
**Defendant–Appellant.**

No. 01–5757.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before SILER and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

### ORDER

Ray Wallace Mettetal, Jr., appeals a district court order denying his motion for reimbursement of attorney's fees under the Hyde Amendment. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 1995, a federal grand jury in the Middle District of Tennessee indicted Mettetal on one count of mail fraud in violation of 18 U.S.C. § 1001. After Mettetal was convicted of a more serious offense in a different federal jurisdiction, the government moved to voluntarily dismiss the indictment without prejudice, and the district court granted the motion. In August 2000, Mettetal moved the court for reimbursement of the attorney's fees that he expended while the indictment was pending. The district court determined that Mettetal's motion was untimely and denied the motion. Mettetal has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Mettetal's motion. This court reviews de novo the district court's decision that Mettetal's motion was untimely. *United States v. Ranger Elec. Communications, Inc.,* 210 F.3d 627, 631 (6th Cir.2000).

Mettetal did not timely file his motion for reimbursement of attorney's fees. Under the Hyde Amendment, this motion must be filed within 30 days of the final judgment entered in the underlying action. *United States v. True,* 250 F.3d 410, 419 (6th Cir.2001); *Ranger Elec. Communications,* 210 F.3d at 631–33. A final judgment is one that is final and appealable, including an order of settlement, *Ranger Elec. Communications,* 210 F.3d at 631–32, and filing the motion within this 30–day period is a jurisdictional requirement.

*True,* 250 F.3d at 419–20; *Ranger Elec. Communications,* 210 F.3d at 631–33. The district court determined that final judgment was entered in January 1999 when the government voluntarily dismissed the underlying action without prejudice. Since Mettetal did not file his motion until August 2000, the court concluded that the motion was clearly filed outside the required 30–day period. Mettetal asserts that the district court wrongly concluded that final judgment occurred upon dismissal of the indictment; instead, he argues that, because the government could still have re-indicted him, final judgment did not occur until after the statute of limitations expired.

Even if Mettetal's argument is accepted as correct, his motion is still untimely. While Mettetal argues that the statute of limitations began to run when he was indicted in August 1995, it is clear that, under 18 U.S.C. § 1001, the statute of limitations begins to run when each element of the crime has occurred and the crime is complete. *United States v. Crossley,* 224 F.3d 847, 859 (6th Cir.2000); *United States v. Lutz,* 154 F.3d 581, 586 (6th Cir.1998). It is undisputed that the incident underlying the § 1001 charge, Mettetal's submission of a falsified postal form to postal personnel, occurred in May 1995, several months prior to the issuance of the indictment. Although this act was a part of an ongoing series of illegal activities culminating in Mettetal's arrest in August 1995, Mettetal committed each element of the § 1001 offense and the crime was completed in May 1995. Therefore, the statute of limitations began to run at that time. Since a five-year statute of limitations applies to § 1001 offenses, *Crossley,* 224 F.3d at 857; *Lutz,* 154 F.3d at 586, the statute of limitations for Mettetal's offense expired in May 2000. Mettetal did not file his motion within 30 days of this period.

Consequently, the district court properly determined that it did not have jurisdiction to consider the motion.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.